## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARQUISE MILLER,

    *Plaintiff*

vs.

UNITED STATES DEPARTMENT OF
AGRICULTURE; OKLAHOMA STATE
DEPARTMENT OF EDUCATION;
OKLAHOMA CHILD AND ADULT CARE
FOOD PROGRAM (CACFP); JENNIFER
WEBER; KASSANDRA REDELL

    *Defendants.*

) Case No. 5:23-cv-00876
)
) 1st AMENDED COMPLAINT, DEMAND FOR
) JURY TRIAL
)
) **FILED**
)
) MAR 15 2024
) CARMELITA REEDER SHINN, CLERK
) U.S. DIST. COURT, WESTERN DIST. OKLA.
) BY_____,DEPUTY

1. Plaintiff, MARQUISE MILLER, hereby files the following complaint against Defendants as captioned above.

### JURISDICITON AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

3. This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

5. Plaintiff has met all the administrative requirements of the Oklahoma Governmental Tort Claims Act, 51 O.S. §151 et seq. and timely files this Complaint.

6. Plaintiff is essentially asking the court to declare the nature of the prospective relationship between the plaintiff and the government agency involved. In such a case, jurisdiction may remain with the District Court. See *Burkins v. United States*, 112 F.3d 444, 449 (10th Cir. 1997); see also *Southeast Kansas Community Action Program Inc. v. Secretary of Agriculture of U.S.*, 967 F.2d 1452 (10th Cir. 1992); *Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1279 (10th Cir. 1991) (jurisdiction over federal defendant proper under both § 1346 and § 1331 where plaintiff sought to require National Park Service to offer plaintiff the opportunity to provide the new and additional accommodations in accordance with plaintiff's preferential contractual right, but did not request payment of compensatory damages).

7. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or **failed to act in an official capacity or under color of legal authority shall not be dismissed** nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. **The United States may be named as a defendant in any such action**, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought. (5 U.S. Code § 702)."

8. Reimbursement merely requires an entity to pay expenses that it should have paid all along and would have borne in the first instance. (School Committee of Burlington v. Department of Education of Massachusetts, 471 U.S. 359, 370-371 (1985).

9. Mr. Miller among other types of relief seeks specific relief in the form of reimbursement from Defendants.

10. Mr. Miller is within the waiver of sovereign immunity because among other things, he seeks reimbursement." (246 U.S. App. D.C., at 186-187, 763 F.2d, at 1447-1448).

11. Mr. Miller is within the waiver of sovereign immunity because he is considered an "aggrieved person" and has suffered legal wrong due to actions of Defendants.

## PARTIES

12. Plaintiff is a resident of Edmond City, Oklahoma. His address of service is 1505 NW 179th Terr, Edmond, OK., 73012, and thus is a resident of the Western District of Oklahoma.

13. Plaintiff is informed and believes and thereupon alleges that the Defendant United States Department of Agriculture ("USDA") is the federal executive department responsible for developing and executing federal laws related to farming, forestry, rural economic development, and food. USDA provides funding and administers Oklahoma Child and Adult Care Food Program. Address for service: 1400 Independence Ave., S.W., Washington, DC 20250.

14. Plaintiff is informed and believes and thereupon alleges that United States Attorney's Office is located at 210 Park Avenue, Suite 400 Oklahoma City, OK 73102.

15. Plaintiff is informed and believes and thereupon alleges that the Defendant Oklahoma State Department of Education ("OSDE") is the state education agency of the State of Oklahoma. OSDE administers Oklahoma Child and Adult Care Food Program. Address for service: 2500 North Lincoln Boulevard, Oklahoma City, Oklahoma 73105.

16. Defendant Oklahoma Child and Adult Care Food Program (CACFP) is a State agency. It provides reimbursement for well-balanced, nutritious meals served to individuals enrolled in day care centers. It obtains funding from the United States Department of Agriculture (USDA) through the Oklahoma State Department of Education. Its address of service is 2500 North Lincoln Boulevard, Suite 310, Oklahoma City, Oklahoma 73105-4599.

17. U.S. Attorney General offices are located at 313 NE 21st St, Oklahoma City, OK 73105 and a copy of this complaint and summons was sent to U.S. attorney general.

18. Attorney General offices are located at U.S. Department of Justice 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 in which a copy of complaint and summons was sent.

19. Plaintiff is informed and believes and thereupon alleges that Defendant Kassandra Redfell (hereafter referred to as "Redfell") is, and at all times mentioned in this Complaint was, individual residing in the Oklahoma City, in the State of Oklahoma. Defendant Kassandra Redfell is/was an employee of the Oklahoma Child and Adult Care Food Program. Plaintiff is not aware about the address of Kassandra Redell.

20. Plaintiff is informed and believes and thereupon alleges that Defendant Jennifer Weber (hereafter referred to as "Weber") is, and at all times mentioned in this Complaint was, individual residing in the Oklahoma City, in the State of Oklahoma. Defendant Jennifer Weber is/was an employee of the Oklahoma Child and Adult Care Food Program. Plaintiff is not aware about the address of Kassandra Redell.

21. Waiver of the service of summons, complaint, and summons was sent to each appropriate entity in accordance with Federal Rules of Civil Procedure named as Defendants in this lawsuit.

22. Mr. Miller anticipates that Defendants will engage in ex parte communications with the Western District Court of Oklahoma.

23. Mr. Miller anticipates that Defendants have racial epithets within their communications and documents.

24. Mr. Miller filed a non-judicial complaint directly with the USDA stating many of the facts and allegations contained in this very Petition.

25. Mr. Miller believes upon information that this non-judicial complaint filed with the USDA was not handled in accordance with the policies and procedures of the USDA.

26. Mr. Miller believes upon information that all persons assigned to his non-judicial complaint and all persons involved with his non-judicial complaint filed with the USDA have communications and documents that show internal discrimination against Mr. Miller and other minorities.

27. Mr. Miller believes upon information that all persons that overview directly or indirectly non-judicial complaints filed with the USDA are directed to disregard facts, evidence, and the policies and procedures regarding to investigations of non-judicial complaints filed with the U.S.D.A.

## FACTS

28. Plaintiff is an African American male who oversees Wonderfully Made Learning Center, a daycare located at 908 N.E. 30th Oklahoma City, OK 73105. (Hereinafter referred to as "the daycare").

29. The daycare was involved in the Child Nutrition Reimbursement Program from Defendants because some of the clients served thereat were either low income or homeless.

30. CACFP provides reimbursement for well-balanced, nutritious meals served to individuals enrolled in day care centers, Family Day Care Homes, after school programs, emergency shelters, and/or head start programs. Funding is provided to the Oklahoma State Department of Education (state agency) from the United States Department of Agriculture based on claims submitted by program participants.

31. Funding is provided to the Oklahoma State Department of Education (state agency) from the United States Department of Agriculture based on claims submitted by program participants.

32. Upon information and belief, USDA contracts with the Oklahoma State Department of Education to administer the Oklahoma Child and Adult Care Food Program. OSDE - CACFP in turn contracts with participants like Wonderfully Made Learning Centre.

33. Defendants are responsible for implementing policies, procedures and standards for the program. Defendants are also responsible to properly train and supervise their officers with respect to proper procedures in the investigation and inspection of daycare.

34. Defendants Redell and Weber attempted to enforce rules through the CACFP that had not been promulgated.

35. Redell unlawfully disregarded the Administrative Procedure Act by allowing CACFP to operate.

36. Oklahoma Department of Education is considered an agency; therefore, it lacks the authority to delegate rule promulgation to another office (Office of the Child Nutrition Program) as noted in G.H. Daniels III & Assocs., Inc. v. Perez No. 13-1479 (10th Cir. Sep. 3, 2015),

37. Only the State can adopt or implement rules. (O.A.C. 210: 10-3-40)
38. However, the Oklahoma Department of Education delegated rule promulgation in violation of O.A.C. 210: 10-3-40)
39. The CACFP with full consent of the USDA was operating without promulgated rules when Redell and Weber terminated this agreement with Mr. Miller.

40. The CACFP is currently operating without promulgated rules.

41. The USDA is fully aware that the CACFP is operating without promulgated rules in violation of the Administrative Procedures Act.

42. The USDA is fully aware the Jennifer Weber and Kassandra Redell have been operating the CACFP without promulgating rules.

43. The USDA has refused to act on the information that Kassandra Redell and Jennifer have failed to promulgate rules in accordance with the Administrative Procedures Act.

44. The USDA is fully aware that Jennifer Weber and Kassandra Redell have targeted minority program participants without any rules or standards to objectively determine any violations have occurred.

45. Mr. Miller's daycare had been receiving reimbursement from Defendants for at least ten years until Defendants unlawfully terminated the agreement.

46. Defendants placed Plaintiff Marquise Miller on the National Disqualified List in his individual capacity and because of this, he continues to be on a list that forbids him to receive any other government contracts from the federal government in his individual capacity or his daycare.

47. Plaintiff was placed on the National Disqualified List without any due process in his individual capacity due to concerted actions of Weber, Redell, and the USDA.

48. The USDA acted unreasonably by allowing Mr. Miller's business and Mr. Miller in his individual capacity to be placed on the National Disqualified List when the USDA failed to require Jennifer Weber and Kassandra Redell to have promulgated rules in place to enforce against Mr. Miller. (violation of § 102c) (Webster v. Doe 486 U.S. 592 601 (1988)

49. Plaintiff was placed on the National Disqualified List due to events that allegedly occurred in connection with Wonderfully Made Learning Center under the direction supervision of Redell and Weber.

50. On or about September 3, 2020, Plaintiff had a positive COVID test result confirmed. Other staff of the daycare also tested positive as well.

51. On or about August 31, 2020, Defendants allege that they conducted a review of the daycare.

52. However, on or about August 31, 2020, key staff were not present due to justifiable medical precautions.

53. Weber communicated that the review was never signed by a center representative.

54. Weber was made aware that key staff had contracted Covid-19 during timeframe of attempted review was alleged to take place.

55. Jennifer Weber communicated that Mr. Miller never responded to the only email she sent on September 3, 2020. However, Mr. Miller responds to this email on September 6, 2020.

56. Kassandra Redell apologized for leaving appeal documents out of paperwork sent to Marquise Miller.

57. Mr. Miller asked Kassandra Redell why important documents were not sent via email prior to termination of agreement.

58. Kassandra Redell responds per USDA, it is required that all letters concerning Serious Deficiencies and Proposed terminations are sent certified postal mail."

59. However, the USDA does not require that all letters concerning Serious Deficiencies and proposed terminations be sent certified postal mail.

60. The USDA does allow letters to be sent concerning Serious Deficiencies and Proposed Terminations through email.

61. Redell and Weber intentionally and maliciously withheld appeal documents from Plaintiff.

62. Redell and Weber acted unreasonably by withholding appeal documents.

63. Jennifer Weber and Kassandra Redell never took any steps to ensure that Plaintiff indeed receive any documents they allege they sent to him.

64. Notably, "it is best practice to get proof of the delivery of the notice." (See page 15 of Serious Deficiency, Suspension, & Appeals for State Agencies & Sponsoring Organizations A Child and Adult Care Food Program Handbook).

65. Weber and Redel alleged that an alleged 2016 deficiency gave them the right to terminate Defendant's reimbursement agreement.

66. However, this Court cannot authenticate records past 3 years ago regarding this litigation at hand. See 7 C.F.R. § 226.6(10)(d).

67. Defendants acknowledge that when too much time has passed, that a New Notice of Serious Deficiency should be issued.

68. Other participants in the CACFP program, in the same or similar situation as Mr. Miller's center, were given a New Notice of Serious Deficiency after 3 years had passed since their last alleged Serious Deficiency.

69. The Department of Education with the leadership of Kassandra Redell and Jennifer Weber sued Mr. Miller's childcare center---Wonderfully Made Learning Center for $21,259.00.

70. Subsequently, Mr. Miller hired an attorney who also made it clear through legal proceedings in the Oklahoma County Court that Defendants had failed to promulgate rules.

71. The Department of Education then "voluntarily" dismissed the lawsuit against Mr. Miller's center in the Oklahoma County Court.

72. The problem is the Oklahoma Department of Education dismissed all their financial claims against Mr. Miller's center but they kept Marquise Miller on the National Disqualified List in his individual capacity, along with his childcare center.

73. The reason this is unreasonable is because Defendants financial claims against Mr. Miller's center were based on alleged violations of rule(s) of the CACFP.

74. However, the CACFP has failed to properly promulgate rules to enforce in accordance with the provision of the APA.

75. Therefore, it was highly unreasonable for Defendants to waive all financial claims against Mr. Miller's center in Oklahoma County Court but keep his center and Mr. Miller both on the National Disqualified List.

76. Defendants' financial claims against Mr. Miller were rooted in the false belief that his center violated rule(s) of the food program, therefore when Defendants voluntarily dismissed those claims in all reasonableness they were required to remove his center's name, and Mr. Miller's name from the National Disqualified List.

77. However, Defendants prevent him from moving on from their dismissal because they refuse to remove his name from the National Disqualified List, which makes it impossible for Mr. Miller or his center to be a participant in the program currently and receive reimbursement through the CACFP.

## COUNT I
### (Violation of the Administrative Procedure Act, 5 U.S.C. § 552)

78. Plaintiff incorporates by reference herein all allegations set forth above.

79. The Oklahoma State Department of Education (OSDE) Office of Child Nutrition recognizes the federal administrative regulations at 7 C.F.R. Part 226, governing the Child and Adult Food Care Program (CACFP), as the applicable regulations for the CACFP

program as administered by the State of Oklahoma. See 47. Okla. Admin. Code § 210:10-3-40.

80. Okla. Admin. Code § 210:10-3-40 in relevant part states:

> To the extent that the governing regulations at 7 C.F.R. Part 226 refer to additional procedures or requirements that must be adopted by a state as part of its implementation of the CACFP program, the OSDE Office of Child Nutrition will adopt conforming policies and make such policies available on the OSDE website, to be updated each time a change in a CACFP policy is made at the federal or state level.

81. Agencies are required to comply with the Administrative Procedure Act (APA) rulemaking requirements. The APA is codified in 5 U.S.C. §§ 551–559.

82. 5 U.S.C. § 552 in relevant part states, among other things:

(a) Each agency shall make available to the public information as follows:

> (1) Each agency shall separately state and currently publish in the Federal Register for the guidance of the public--
>
>> (A) descriptions of its central and field organization and the established places at which, the employees (and in the case of a uniformed service, the members) from whom, and the methods whereby, the public may obtain information, make submittals or requests, or obtain decisions;
>>
>> (B) statements of the general course and method by which its functions are channeled and determined, including the nature and requirements of all formal and informal procedures available;
>>
>> (C) rules of procedure, descriptions of forms available or the places at which forms may be obtained, and instructions as to the scope and contents of all papers, reports, or examinations;
>>
>> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency; and
>>
>> (E) each amendment, revision, or repeal of the foregoing.

83. 5 U.S.C. § 552 further states that "Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published."

84. 5 U.S.C. § 552 also states that:

11

(2) Each agency, in accordance with published rules, shall make available for public inspection and copying--

(A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases;

(B) those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register;

(C) administrative staff manuals and instructions to staff that affect a member of the public;

(D) copies of all records, regardless of form or format, which have been released to any person under paragraph (3) and which, because of the nature of their subject matter, the agency determines have become or are likely to become the subject of subsequent requests for substantially the same records; and

(E) a general index of the records referred to under subparagraph (D).

85. Defendants have failed to comply with 5 U.S.C. § 552 by not making available to Plaintiff rules of procedure, substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency governing proper procedures in the investigation, inspection of daycare, and appeal process.

86. Jennifer Weber failed to act reasonably by refusing to take the proper actions to ensure that Mr. Miller's name and his business name be removed from National Disqualified List after the lawsuit against his center was voluntarily dismissed in Oklahoma County Court.

87. Kassandra Redell failed to act reasonably by refusing to take the proper actions to ensure that Mr. Miller's name and his business name was removed from National Disqualified List after the lawsuit against his center was voluntarily dismissed in Oklahoma County Court.

88. Mr. Miller filed a formal complaint with the USDA regarding the actions of Jennifer Weber, Kassandra Redell, and the CACFP but the USDA failed to act on the information.

89. The USDA has been informed by other former program participants of the CACFP's lack of rule promulgation but the USDA failed to require Jennifer Weber or Kasssandra Redell of the CACFP to properly promulgate rules.

90. It appears that Jennifer Weber and Kassandra Redell have targeted certain minority groups for disqualification of the CACFP program by applying rules that are not promulgated to minority programs.

91. Whereas Jennifer Weber and Kassandra Redell have allowed many non-minority participants the ability to receive reimbursement by applying rules that are not promulgated.

92. According to local news channel 4 report Defendants have targeted other minority participants besides Mr. Miller and have fined and/or prohibited other minorities from receiving reimbursement.  (See https://kfor.com/news/local/black-owned-businesses-claim-federal-food-programs-were-fined-shut-down/)

93. Plaintiff did not have actual and timely notice of the terms thereof, therefore Plaintiff must not be adversely affected by Defendants' actions.

94. Plaintiff has been adversely affected by Defendants' actions when defendant initiated improper inspection of facility, terminated the participation in the program and subsequently placed Marquise Miller on the National Disqualified List in his individual capacity.

## COUNT II
### (Violation of the Administrative Procedure Act, 5 U.S.C. § 553)

95. Plaintiff incorporates by reference herein all allegations set forth above.

96. The Administrative Procedure Act, 5 U.S.C. § 553, requires that agencies provide public notice of, and opportunity to comment on, legislative rules before their promulgation. See 5 U.S.C. §§ 553(b), (c). The APA also requires that any substantive rule must be published at least 30 days prior to its effective date. See 5 U.S.C. § 553(d).

97. Kassandra Redell failed to make sure that all substantive rules were published with at least a 30 day prior effective date.

98. Jenniffer Weber failed to make sure that all substantive rules were published with at least a 30 day prior effective date.

99. The USDA failed to require Jennifer Weber and Kassandra Redell to publish all substantive rules with at least a 30 day prior effective date.

100. Kassandra Redell and Jennifer Weber's failed to provide the notice of legislative rules regarding implementing the CACFP (5 U.S.C. § 553).

## COUNT III
## Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)

101. Plaintiff incorporates by reference herein all allegations set forth above.

102. Pursuant to 5 U.S. Code § 706, to the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

> (2) hold unlawful and set aside agency action, findings, and conclusions found to be
>
> > (A)arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > (B)contrary to constitutional right, power, privilege, or immunity;
> >
> > (C)in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> >
> > (D)without observance of procedure required by law;
> >
> > (E)unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> >
> > (F)unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

103. Defendants' actions to enforce rules through the CACFP that had not been promulgated and place Marquise Miller on the National Disqualified List in his individual

14

capacity violate the APA because they are, inter alia, "not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," and "without observance of procedure required by law . . . ." 5 U.S.C. § 706(2)(A), (C), (D)

## COUNT IV
## Violation of 42 U.S.C. § 1983

104. Plaintiff incorporates by reference herein all allegations set forth above.

105. Defendants violated Plaintiff's rights without employing fair procedures to reach their decision(s).

106. It would be impossible and unjust for Defendants to complete a review of the daycare on a day when key staff of the daycare were absent because they displayed COVID symptoms, which were later confirmed by positive results.

107. Kassandra Redell and Jennifer Weber claim to have completed a review of the daycare on or about August 31, 2020, yet there is no proof that the said review ever took place.

108. Defendants take away crucial welfare benefits from Plaintiff without giving him a chance to appeal.

109. Also, Defendant Jennifer Weber attempted to obtain signatures days after the alleged review had taken place, which raises many questions.

110. This action not only violates Plaintiffs due process rights, it also predisposes the innocent beneficiaries in the daycare to lack of proper nutrition.

111. Jennifer Weber and Kassandra Redell failed to provide evidence that the daycare had the same deficiencies it had in 2016.

112. Jennifer Weber has not provided the written details of alleged deficiencies in 2020.

113. Defendants have not provided any evidence of the 2020 alleged deficiencies and the Oklahoma County Court dismissed all financial obligations caused by Weber's and Redell's violation of Mr. Miller's due process rights.

114. The alleged 2016 deficiencies were time bound by the statutory limit of three years.

115. Defendants violated Plaintiffs due process rights violating 42 U.S.C. § 1983. Defendants denied Plaintiff his right to come to compliance if they indeed found Plaintiff liable per their alleged review.

116. Defendants also failed to inform Plaintiff of his right and procedure to appeal decision.

117. Defendants never informed Plaintiff of any proposals of termination of the agreement. Notably, Plaintiff has been in communication with Defendants via email. Email communication is recognized as one means of communicating with the Defendants. See page 15 of Serious Deficiency, Suspension, & Appeals for State Agencies & Sponsoring Organizations A Child and Adult Care Food Program Handbook).

118. In response to Plaintiff's letter on or about October 30, 2020, Defendant Kassandra promised to send Plaintiff a copy of the appeal procedure/process.

119. However, Kassandra Redell delayed sending the appeal procedures.

120. Redell sent appeal documents after agreement was terminated.

121. Defendants then communicate with Mr. Miller that it was nothing he can do.

122. Defendants did this to maliciously and intentionally to terminate agreement.

123. Defendants Jennifer Weber and Kassandra Redell acted outside of their scope of employment and violated Mr. Miller's Constitutional Rights.

## COUNT V VIOLATION OF 5 U.S. Code § 702

124. Plaintiff incorporates by reference herein all allegations set forth above.

125. According to https://sde.ok.gov/child-nutrition-programs-contact-information, it appears that Kendra Merveldt and Sherri Assaleh are the successors to Jennifer Weber and Kassandra Redell who would be responsible for compliance. (5 U.S. Code § 702)

126. A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money

127. damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority **shall not be dismissed nor relief therein be denied on the ground that it is against the United States** or that the United States is an indispensable party. **The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States**: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought. (5 U.S. Code § 702)

### DEMAND FOR JURY TRIAL

128. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

### REQUEST FOR RELIEF

Plaintiff incorporates each of the allegations in the paragraphs above and prays as follows:

(a) For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;

(b) For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiff's rights under the United States constitution and the Federal law;

(c) Preliminarily and permanently enjoining enforcement by Defendant as discussed above;

(d) For damages and monetary relief and reimbursement in an amount to be determined to be just and equitable.

(e) For costs of suit and attorney fees as provided by law;

(f) Granting such other and further relief as the Court deems just and proper.

(g) The declaratory and injunctive relief requested in this action is sought against each Defendant; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

Dated: March 15, 2024

Respectfully submitted,

MARQUISE MILLER, Pro se
1505 NW 179th Terr
Edmond, OK., 73012