IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUISE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-876-SLP |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| AGRICULTURE; OKLAHOMA STATE | ) |
| DEPARTMENT OF EDUCATION; | ) |
| OKLAHOMA CHILD AND ADULT CARE | ) |
| FOOD PROGRAM; JENNIFER | ) |
| WEBER; and KASSANDRA REDELL, | ) |
| | ) |
| Defendants. | ) |

### **O R D E R**

Before the Court is the Motion to Dismiss [Doc. No. 12] filed by Defendants Oklahoma State Department of Education, Oklahoma Child and Adult Care Food Program, Jennifer Weber, and Kassandra Redell (collectively, the "State Defendants"). Plaintiff Marquise Miller, appearing pro se, filed an Objection to the Motion [Doc. No. 40]. No reply was filed, and the time for doing so has expired. *See* LCvR7.1(h).

**I.    Background**

Plaintiff brings claims for violation of his constitutional rights under 42 U.S.C. § 1983 and the Administrative Procedures Act (APA) after a daycare he operates called Wonderfully Made Learning Center was disqualified from receiving reimbursement for meals as part of the Child and Adult Care Food Program (CACFP), and his name was placed on the National Disqualified List, which prevents him from receiving government contracts. Am. Compl. [Doc. No. 7] ¶¶ 28-77. Plaintiff alleges the USDA facilitates

funding for the CACFP, and his daycare contracted locally with the Oklahoma State Department of Education Child and Adult Care Food Program (OSDE-CACFP). *Id.* ¶¶ 28-32. Plaintiff alleges individual Defendants Kassandra Redell and Jennifer Weber were "employees of the Oklahoma Child and Adult Care Food Program." *Id.* ¶¶ 19-20.

For his § 1983 claim, Plaintiff asserts the State Defendants' termination of their contract with Wonderfully Made Learning Center occurred without due process of law because they failed to provide fair notice, fair and adequate procedure, and adequate review of the facility. *See id.* ¶¶ 104-123. Plaintiff alleges that he and key staff were not present when Defendants Weber and Redell conducted their review of the daycare. *Id.* ¶¶ 49-54. He further alleges Defendants Weber and Redell improperly refused to send notices of deficiencies and proposed termination (in addition to "appeal documents") by email, stating instead that they must be sent via certified mail. *See id.* ¶¶ 55-64. He also alleges Defendants Weber and Redell impermissibly relied on 2016 deficiencies in terminating the contract with his daycare, while similarly situated facilities received new notices of deficiencies where the prior notice was more than three years old. *Id.* ¶¶ 65-68.

For his APA claims, Plaintiff asserts the OSDE-CACFP failed to properly promulgate rules, and that it operates without any valid rules in place. *See id.* ¶¶ 78-103, 124-27. He contends Defendants Weber and Redell attempted to enforce unpromulgated rules through the CACFP when they terminated the contract with Wonderfully Made Learning Center. *Id.* ¶¶ 34-43. Plaintiff also alleges Defendants Weber and Redell target minority programs without any rules or standards to objectively determine whether violations have occurred. *Id.* ¶ 44.

Plaintiff alleges OSDE-CACFP filed a state court action against Wonderfully Made Learning Center in the District Court of Oklahoma County based on violations of rules not actually in effect. *Id.* ¶¶ 69-74. Plaintiff alleges the State voluntarily dismissed the lawsuit but left his name and Wonderfully Made Learning Center on the National Disqualified List. *Id.* ¶¶ 71-72. He contends it was unreasonable for the State to do so, and leaving his name on the List prevents him from participating in the CACFP. *Id.* ¶¶ 75-77. Plaintiff ultimately seeks declaratory and injunctive relief, in addition to money damages. *Id.* ¶ 128.

This is the second action Plaintiff has brought in relation to the disqualification of Wonderfully Made Learning Center from receiving CACFP funding. In August of 2021, Plaintiff filed an action in this Court against the exact same Defendants arising from the same events as those alleged in the instant Amended Complaint. *See Miller v. United States Dep't. of Agriculture, et al.*, Case No. CIV-21-850-SLP (W.D. Okla.) (Compl. [Doc. No. 1]) (hereinafter "*Miller I*"). In *Miller I*, the same Defendants moved for dismissal of Plaintiff's claims, and the Court granted their respective Motions and dismissed the action. *See id.* Orders [Doc. Nos. 22-23] and Judgment [Doc. No. 24]. As relevant here, the Court found Plaintiff's claims against the same Defendants were barred by Eleventh Amendment immunity. *See* Order [Doc. No. 23] at 4-8.

In this case, the State Defendants filed a Motion to Dismiss [Doc. No. 12], asserting: (1) Plaintiff's claims are time barred; (2) the Court lacks jurisdiction because Plaintiff's claims are barred by Eleventh Amendment immunity; (3) Plaintiff's claims against Defendants Weber and Redell are barred by qualified immunity; and (4) Plaintiff fails to state a claim for violation of the Administrative Procedures Act. *See* Mot. [Doc. No. 12].

3

Upon being granted additional time to respond to the Motion, *see* Order [Doc. No. 38], Plaintiff filed a one-page response stating he "objects to Defendants[' M]otion" and it "should be denied." [Doc. No. 40].

The Court notes at the outset it is unclear whether Plaintiff intended to bring claims against Defendants Weber and Redell in their individual capacities.[1] *See generally* Am. Compl. [Doc. No. 7]. In his initial Complaint, Plaintiff expressly asserted individual capacity claims, Compl. [Doc. No. 1] at 1, but he omits that specification from the Amended Complaint. *See* Am. Compl. [Doc. No. 7] at 1. However, Plaintiff continues to seek money damages, *see id.* at 18, which he may only do if the claims are against Defendants Weber and Redell in their individual capacities. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991))); *see also Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017) ("The Eleventh Amendment precludes anyone from suing an arm of the state or asserting a damage claim against state officers in their official capacities."). Accordingly, liberally construing his pleading, the Court addresses the claims for money damages as to Defendants Weber and Redell in their individual capacities after its discussion of the official capacity claims and those against OSDE-CACFP.

---

[1] Absent the inclusion of individual capacity claims, this action is virtually indistinguishable from *Miller I* as it pertains to the State Defendants.

## II.     Governing Standard

The State Defendants move to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).[2]

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) constitute either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Where, as here, the motion is a facial attack, the Court applies "a standard patterned on Rule

---

[2] Where the Court reviews the sufficiency of a pro se complaint, it applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court cannot, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

5

12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotations and citations omitted). To avoid dismissal under Rule 12(b)(1), the party invoking jurisdiction bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002) (quotation marks and citation omitted).

### III.   Discussion

#### A. Official Capacity Claims and Eleventh Amendment Immunity

Where, as here, the State asserts Eleventh Amendment immunity, the Court must address that issue first. *See U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) ("If a State defendant [asserts Eleventh Amendment immunity], addressing the threshold jurisdictional matter [is] obligatory"); *see also Martin v. Kansas*, 190 F.3d 1120, 1126 (10th Cir. 1999), *overruled on other grounds by Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ("Because the State's assertion of Eleventh Amendment immunity challenges the subject matter jurisdiction of the district court, the issue must be resolved before a court may address the merits of [plaintiff's] underlying . . . claim."); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) ("Because an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court, we address that issue before turning to the merits of the case.").

In *Miller I*, the Court found Plaintiff's § 1983 claims against the OSDE-CACFP and against Defendants Weber and Redell in their official capacities were barred by Eleventh Amendment immunity. *See Miller I*, CIV-21-850-SLP, Order [Doc. No. 23] at 4-10.

Plaintiff has sued the same defendants here, on the same facts, and he makes no argument in response to the State Defendants' invocation of Eleventh Amendment immunity. *Compare Miller I*, CIV-21-850-SLP Compl. [Doc. No. 1]; *with* Am. Compl. [Doc. No. 7]; *see also* Obj. [Doc. No. 40]. Accordingly, for all the reasons set forth in its Order in *Miller I*, the Court again finds Plaintiff's official capacity claims under § 1983 are barred by Eleventh Amendment immunity.[3] *See* CIV-21-850-SLP [Doc. No. 23] at 4-8.

### B. Individual Capacity Claims and Qualified Immunity

Defendants Weber and Redell assert Plaintiff's claims are barred by qualified immunity, which provides the governing framework for the Court's analysis of the claims against them. *See Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1233 n. 3 (10th Cir. 2004) ("Qualified immunity applies to claims for monetary relief against officials in their individual capacities. . ."); *Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022) ("[w]hen a § 1983 defendant raises qualified immunity . . . the burden shifts to the plaintiff to establish both prongs of the defense."); *see also Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) ("[w]here, as here, defendants moved for dismissal of § 1983 claims under Rule 12(b)(6) based on qualified immunity, there is 'a presumption that the defendant is immune from suit.'" (citation omitted)).

"When a defendant raises a qualified immunity defense, the court must dismiss the

---

[3] For the reasons set forth in *Miller I*, the official capacity claims against Defendants Weber and Redell do not fall within the narrow exception of *Ex Parte Young*: all the same events at issue occurred in 2020, and Plaintiff presently seeks the exact same injunctive relief pertaining to past harms as he did in *Miller I*. *Compare* Am. Compl. [Doc. No. 7] at 18, ¶¶ (a)-(c), (g); *with Miller I*, CIV-21-850-SLP, Compl. [Doc. No. 1] at 12 ¶¶ (a)-(c), (g).

7

action unless the plaintiff shows that (1) the defendant violated a statutory or constitutional right, and (2) the right was clearly established at the time of the violation." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).  At this stage, a plaintiff "must allege sufficient facts that show—when taken as true—the defendant plausibly violated his constitutional rights, which were clearly established at the time of violation." *Hernandez v. Ridley*, 734 F.3d 1254, 1258 (10th Cir. 2013) (citation omitted).

As to the second prong, Plaintiff must identify "clearly established" law that would have notified Defendants Weber and Redell their actions were unlawful.  *See Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1202 n.3 (10th Cir. 2017).  Plaintiff may show the law to be "clearly established" by citing an on-point Supreme Court or Tenth Circuit decision, or by showing "the clearly established weight of authority from other courts . . . have found the law to be" as he maintains.  *Grissom v. Roberts*, 902 F.3d 1162, 1168 (10th Cir. 2018) (internal quotation marks and citation omitted).  An on-point decision means the precedent is "particularized to the facts"—that it "involves materially similar facts" to the case at hand.  *Apodaca v. Raemisch*, 864 F.3d 1071, 1076 (10th Cir. 2017); *see also Mullenix v. Luna*, 577 U.S. 7, 12 (2015) ("The dispositive question is whether the violative nature of *particular* conduct is clearly established.  This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (internal quotation marks and citations omitted)).  In other words, on-point precedent cannot define a right at "a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011).  There does not have to be "a case directly on point, but existing precedent [nonetheless] must have placed the statutory or constitutional question beyond

debate." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 427 (2021) (quoting *al-Kidd*, 563 U.S. at 741).

As set forth above, Plaintiff declined to substantively respond to the State Defendant's Motion to Dismiss, despite an extension of time to do so. *See* Order [Doc. No. 38]; *see als*o Obj. [Doc. No. 40]. As such, Plaintiff has made no effort to meet his burden to show Defendants Weber and Redell violated a statutory or constitutional right, and that the right was clearly established at the time of the violation. Accordingly, the Court must find Defendants Weber and Redell are entitled to qualified immunity. *See Blandin v. Smith*, No. 23-2175, 2024 WL 1672246, at *1 (10th Cir. Apr. 18, 2024) (affirming summary judgment of § 1983 claims where the pro se plaintiff failed to assert any legal argument in response to the individual defendant's qualified immunity defense); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) (affirming summary judgment of a § 1983 claim on qualified immunity grounds where the plaintiff failed to respond to that argument); *see also Rojas v. Anderson*, 727 F.3d 1000, 1003-04 (10th Cir. 2013) (affirming summary judgment on qualified immunity grounds where the plaintiff's response "made little, if any, attempt to meet his heavy two-part burden," and "[w]ithout any such argument, Defendants were entitled to qualified immunity" (internal quotation marks omitted)). Accordingly, Defendants Weber and Redell are entitled to qualified immunity on Plaintiff's individual capacity claims.

In any event, Plaintiff has not adequately alleged Defendants Weber and Redell plausibly violated his constitutional rights. Although he does not specify, the Court liberally construes Plaintiff's Amended Complaint to assert a claim for violation of

9

procedural due process. *See* Am Compl. [Doc. No. 7] ¶¶ 104-123. To determine whether a procedural due process violation has occurred, courts first consider whether the Defendants' "actions deprived [Plaintiff] of a constitutionally protected property interest." *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1308 (10th Cir. 2018) (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011)). If so, then the Court determines "whether [Plaintiff] w[as] afforded the appropriate level of process." *Id.* at 1309 (quoting *Pater*, 646 F.3d at 1293).

Plaintiff does not expressly identify a constitutionally protected liberty or property interest. *See generally* Am. Compl. [Doc. No. 7]. He alleges Wonderfully Made Learning Center had a contract with the OSDE-CACFP, *id.* ¶¶ 28-32, but the daycare is not a party to this action, and he does not allege he was a party to the contract.[4] *See generally id.* Assuming, however, that Plaintiff had a protected property interest independent of the daycare, Plaintiff has not shown the process that led to termination of the daycare was constitutionally deficient, and his allegations to that point are conclusory. *See id.* ¶¶ 47-77, 104-123. He includes factual allegations regarding review and termination of the facility, but he does not provide any authority that suggests any aspect of the procedure

---

[4] Although not addressed by the parties, to the extent Wonderfully Made Learning Center is the real party in interest, Plaintiff may not represent another person or entity because it does not appear he is an attorney admitted to practice law. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *see also* 28 U.S.C. § 1654. In this same vein, a non-profit organization may only appear through a licensed attorney. *Nato Indian Nation v. Utah*, 76 F. App'x 854, 856 (10th Cir. 2003) ("Individuals may appear in court pro se, but a corporation, other business entity, or non-profit organization may only appear through a licensed attorney.") (citations omitted)); *see also* LCvR 17.1 ("Parties who are not natural persons may not appear pro se.").

10

was constitutionally deficient.[5] Although the Court may liberally construe these allegations, it cannot "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. Accordingly, Plaintiff's individual capacity claims against Defendants Weber and Redell must be dismissed.

### C. Claims Against State Defendants Under the Administrative Procedures Act

Unlike *Miller I*, Plaintiff now includes claims under the APA. But the addition of the APA claim does not affect the Eleventh Amendment immunity applicable to the official capacity claims and those against OSDE-CACFP: the APA applies only to federal agencies, and therefore does not constitute a waiver of Eleventh Amendment immunity by the State Defendants. *See* 5 U.S.C. § 702; *see also Hakeem v. Kansas Dep't of Hum. Servs., Child Support Enf't Div.*, No. 22-3144, 2022 WL 16642268, at *5 (10th Cir. Nov. 3, 2022) ("The APA permits suits against federal agencies but does not waive the sovereign immunity of a state agency. . ."). Nor does the APA apply to the claims against Defendants Weber and Redell in their individual capacities, because Plaintiff alleges they are state employees, and the APA does not provide a cause of action against state actors. Am. Compl. [Doc. No. 7] ¶¶ 19-20; *see also* 5 U.S.C. § 702 (providing the injunctive relief

---

[5] For example, Plaintiff alleges key staff were not present when review of the daycare occurred, but he does not explain how that renders the review constitutionally deficient, or how that affected the Defendants' review of the property. *See id.* ¶¶ 50-54, 106. Plaintiff also alleges Defendants Weber and Redell asserted they sent notice of deficiencies via regular mail, rather than email, but he does not allege he lacked notice of the deficiencies or the termination, and his other allegations indicate he did receive the notice. *Id.* ¶¶ 55-68. He also alleges Defendants Weber and Redell relied on deficiencies from 2016 that were "time bound," and they did not notify him of "appeal procedures" but he does not identify any authority regarding such time constraints or relevant appellate procedures. *Id.* ¶¶ 47-77, 104-123.

available under the APA is applicable to "the *Federal* officer or officers (by name or by title), and their successors in office, personally responsible for compliance." (emphasis added)); 5 U.S.C. § 551(1) (defining "agency" to include "each authority of the Government of the United States"); *Donahue v. Kansas Bd. of Educ.*, 827 F. App'x 846, 851 (10th Cir. 2020) ("The district court did not err in determining that the APA does not apply to [plaintiff]'s request for judicial review of state agency action.").[6]

## IV. Conclusion

IT IS THEREFORE ORDERED as follows:

1. The Motion to Dismiss [Doc. No. 12] of Defendants Oklahoma State Department of Education, Oklahoma Child and Adult Care Food Program (CACFP), Kassandra Redell, and Jennifer Weber is GRANTED.

2. Plaintiff's official capacity claims against the State Defendants are DISMISSED WITHOUT PREJUDICE. *See Williams v. Utah Dep't of Corrs.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (A dismissal based on Eleventh Amendment immunity is without prejudice).

3. Plaintiff's individual capacity claims against Defendants Weber and Redell are DISMISSED WITH PREJUDICE based on qualified immunity. *See Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to dismiss based on qualified immunity "with prejudice").

---

[6] Because the Court finds in favor of the State Defendants on the other grounds set forth in their Motion, it need not address their argument regarding Oklahoma's savings statute.

4.      Plaintiff's Motion for Preliminary Injunction [Doc. No. 41] and his Motion to Expedite Ruling on Motion for Preliminary Injunction [Doc. No. 44] are DENIED as MOOT.

IT IS SO ORDERED this 21st day of November, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE