## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARQUISE MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-876-SLP |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE; OKLAHOMA STATE | ) | |
| DEPARTMENT OF EDUCATION; | ) | |
| OKLAHOMA CHILD AND ADULT CARE | ) | |
| FOOD PROGRAM; JENNIFER | ) | |
| WEBER; and KASSANDRA REDELL, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court is the Motion to Dismiss [Doc. No. 29] filed by Defendant United States Department of Agriculture (USDA). Plaintiff, Marquise Miller, appearing pro se, has filed a Response [Doc. No. 31], and the USDA has replied [Doc. No. 35]. For the reasons that follow, the USDA's Motion is GRANTED.

## I.    Background

Plaintiff brings claims for violation of 42 U.S.C. § 1983 and the Administrative Procedure Act (APA) after a daycare he operates was disqualified from receiving reimbursement for meals as part of the Child and Adult Care Food Program (CACFP), and his name was placed on the National Disqualified List which prevents him from receiving government contracts. Am. Compl. [Doc. No. 7] ¶¶ 28-77. Plaintiff alleges the USDA facilitates funding for the CACFP, and his daycare contracted locally with the Oklahoma State Department of Education Child and Adult Care Food Program (OSDE-CACFP). *Id.*

¶¶ 28-32.  Plaintiff alleges individual Defendants Kassandra Redell and Jennifer Weber were "employee[s] of the Oklahoma Child and Adult Care Food Program."  *Id.* ¶¶ 19-20.

For his § 1983 claim, Plaintiff asserts the Defendants' termination of his daycare facility occurred without due process of law because they failed to provide fair notice, fair and adequate procedure, and adequate review of the facility.  *Id.* ¶¶ 104-123.  For his APA causes of action, Plaintiff claims the OSDE-CACFP failed to properly promulgate rules, and the USDA has permitted the State to operate without any valid rules in place.  *See id.* ¶¶ 78-103, 124-27.  He contends the USDA was aware individual Defendants Weber and Redell attempted to enforce unpromulgated rules through the CACFP when they terminated the contract with his daycare facility, and that they target minority-owned programs for termination.  *Id.* ¶¶ 34-44.  Plaintiff ultimately seeks declaratory and injunctive relief, in addition to money damages.  *Id.* ¶ 128(a)-(g).

This is the second action Plaintiff has brought in relation to the disqualification of his daycare facility from receiving CACFP funding.  In August of 2021, Plaintiff filed an action in this Court against the exact same Defendants arising from the same events as those alleged in the instant Amended Complaint.  *See Miller v. United States Dep't. of Agriculture, et al.*, Case No. CIV-21-850-SLP (W.D. Okla.) (Compl. [Doc. No. 1]) (hereinafter "*Miller I*").  In *Miller I*, the same Defendants moved for dismissal of Plaintiff's claims, and the Court granted their respective Motions and dismissed the action.  *See id.* Orders [Doc. Nos. 22-23] and Judgment [Doc. No. 24].  As relevant here, the Court found: it lacked jurisdiction over Plaintiff's claims against the USDA because those claims were

barred by sovereign immunity, and that Plaintiff failed to properly serve the USDA. *See* Order [Doc. No. 22] at 5-11.

In this re-filed action, the USDA filed a Motion to Dismiss, asserting Plaintiff's claims are barred by claim preclusion because they are based on the same events as those alleged against the same Defendants in *Miller I*. Mot. [Doc. No. 29] at 1-8. The USDA also asserts the Court lacks subject matter jurisdiction over the claims against it, and that Plaintiff fails to state a claim for relief under § 1983 or *Bivens*. *See id.* at 8-13.

In Response, Plaintiff contends the APA provides a waiver of sovereign immunity, and his claims fall within the scope of that waiver. *See* [Doc. No. 31] at 2, 9-12. He relatedly contends he has satisfied all the requirements for a cause of action under the Federal Tort Claims Act. *Id.* at 14. He also asserts this action is not barred by claim preclusion because: (1) that defense must be asserted in an answer; (2) the Court allowed his claims to proceed after noting they may be barred by preclusion; (3) his claims in *Miller I* were dismissed without prejudice; and (4) he did not bring an APA claim in *Miller I*. *Id.* at 5-9. Finally, Plaintiff maintains he has stated claims for relief for his causes of action. *See id.* at 12-13, 15-16.

## II.    Governing Standard

The USDA moves to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).[1]

Motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) constitute either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). Where, as here, the motion is a facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotations and citations omitted). To avoid dismissal under Rule 12(b)(1), the party invoking jurisdiction bears "the burden of alleging the facts essential to show jurisdiction and supporting those facts with competent proof." *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797–98 (10th Cir. 2002) (quotation marks and citation omitted).

---

[1] Where the Court reviews the sufficiency of a pro se complaint, it applies the same legal standards, but liberally construes the complaint's allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court cannot, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## III.  <u>Discussion</u>

The Court addresses sovereign immunity as a threshold issue.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature"); *see also U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (explaining sovereign immunity is a threshold jurisdictional matter if the Government has directly asserted it). Plaintiff "bears the burden of establishing the United States' waiver of sovereign immunity." *Beals v. U.S. Dep't of Just.*, 460 F. App'x 773, 775 (10th Cir. 2012) (citing *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010)).

### A.  **Claims Under § 1983 and the Federal Tort Claims Act**

The Court found in *Miller I* that Plaintiff's § 1983 claim against the USDA was barred by sovereign immunity because § 1983 applies only to state actors and does not waive the federal Government's immunity.  *Miller I*, CIV-21-850-SLP [Doc. No. 22] at 6 (citing *Beals v. U.S. Dept. of Justice*, 460 F. App'x 773, 775 (10th Cir. 2012)).[2]  Liberally construing Plaintiff's complaint to allege negligence claims under the Federal Tort Claims Act (FTCA), the Court further found it lacked jurisdiction over such a claim because: (1) Plaintiff had not named the United States as the proper defendant; (2) he had not demonstrated the elements of 28 U.S.C. § 1346(b) had been satisfied; and (3) he had not demonstrated exhaustion of administrative remedies.  *Id.* at 7-8 (citations omitted).

---

[2]  The Court also noted a claim brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against the USDA fares no better, because a *Bivens* claim cannot be asserted directly against a federal agency.  *See id.* (citing *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009)).

As it pertains to the § 1983/*Bivens* claim, or any potential FTCA claim, all the same barriers are present in this action.  Plaintiff does not respond to the USDA's argument pertaining to a § 1983 or *Bivens* claim, and he has not shown he properly asserted a FTCA claim.  *See* Resp. [Doc. No. 31] at 14.  As in *Miller I*, Plaintiff does not assert negligence or reference the FTCA in any way, and he failed to properly name the United States as a defendant.[3]  Am. Compl. [Doc. No. 7]; *see also Miller I*, CIV-21-850-SLP [Doc. No. 22] at 7.

Moreover, Plaintiff did not expressly plead all the elements of a FTCA claim, and his Amended Complaint describes only actions of state employees, with no factual allegations pertaining to any federal Government employee.  *See id.*; *see also Ramirez v. Reddish*, 104 F.4th 1219, 1224 (10th Cir. 2024) (explaining 'the FTCA waives 'sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment.'" (citation omitted)).[4]  Finally, Plaintiff has not alleged he exhausted administrative remedies, which is a prerequisite to suit under the

---

[3] Plaintiff points out the Amended Complaint twice quotes 5 U.S.C. § 702, which references the United States, but he has not shown those quotes relate to anything other than his APA claim.  *See* Am. Compl. [Doc. No. 7].  In any event, *Miller I* was clear that the United States must be a party to assert a FTCA claim, and he did not name it as a defendant in this action.

[4]  Plaintiff points to allegations elsewhere in the record, Resp. [Doc. No. 31] at 14, but none are contained in the Amended Complaint, which the Court's review is confined to on a motion to dismiss.  *Pacheco*, 627 F.3d at 1186 ("[T]he sufficiency of a complaint must rest on its contents alone."); *see also Garrett*, 425 F.3d at 840 ("pro se parties [must] follow the same rules of procedure that govern other litigants.").

FTCA.  *See* 28 U.S.C. § 2675(a); *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (explaining the "exhaustion requirement is 'jurisdictional and cannot be waived.'").[5]

### B.    Claims Under the Administrative Procedure Act

Unlike in *Miller I*, Plaintiff now asserts claims under the Administrative Procedure Act (APA), and he contends those claims are not barred by sovereign immunity.  *See* [Doc. No. 31] at 2, 9-12.  The APA provides a limited waiver of sovereign immunity:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.  An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702.  As the plain language indicates, the waiver of sovereign immunity extends only to suits seeking non-monetary relief.  *See Rivera v. Internal Revenue Serv.*, 708 F. App'x 508, 511 (10th Cir. 2017).  Accordingly, to the extent Plaintiff intended to seek money damages from the USDA, he has not shown a waiver of sovereign immunity for such claims, and they are therefore barred.

---

[5] Plaintiff alleges he "filed a formal complaint with the USDA regarding the actions of Jennifer Weber, Kassandra Redell, and the CACFP but the USDA failed to act on the information." Am. Compl. [Doc. No. 7] ¶ 88.  But he fails to allege the claim was denied by the USDA in writing, or that the USDA failed to make a final disposition of his claim within six months such that it may be deemed a final denial, because he does not specify when he made the claim.  *See id.*; *see also* 28 U.S.C. § 2675(a); *Kucera v. United States*, No. 21-2123, 2022 WL 1112985, at *1 (10th Cir. Apr. 14, 2022) (affirming dismissal of a FTCA claim for lack of exhaustion because the plaintiff had not alleged the claim was denied by the agency).

The USDA maintains the remaining APA claims for injunctive relief are barred because Plaintiff failed to plead any facts which would constitute final agency action. Mot. [Doc. No. 29] at 10-11. Tenth Circuit precedent provides that courts do not have subject matter jurisdiction over agency action which is not final. *Farrell-Cooper Mining Co. v. U.S Dep't of Interior*, 864 F.3d 1105, 1109 (10th Cir. 2017) ("'Pursuant to the APA, we have jurisdiction to review only final agency actions.'" (quoting *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1253 (10th Cir. 2010))); *see also* 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review").[6]

Agency action is defined as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). Agency action must meet two characteristics to be considered final: "'[f]irst, [it] must mark

---

[6] Plaintiff asserts the APA's waiver of sovereign immunity is not limited to final agency action, citing *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543 (10th Cir. 2001). Resp. [Doc. No. 31] at 10. There, the Circuit recognized § 702 of the APA "provide[s] a general waiver of sovereign immunity in all civil actions seeking equitable relief on the basis of legal wrongs for which governmental agencies are accountable." 253 F.3d at 549. The Circuit also explained, however, that agency action is judicially reviewable under the APA only when "made reviewable by statute" or when it constitutes "final agency action for which there is no other adequate remedy in a court." *Id.* at 549-50 (quoting § 704). Here, just like that case, Plaintiff brings claims under the APA, and he "has not identified any other statute which provides for judicial review of the official conduct [he] challenges, and thus any attempt to obtain judicial review directly under section 704 of the APA must be preceded by a final agency action." *See id.*; *see also* Am. Compl. [Doc. No. 7] at 10-17; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) (explaining that an action under 5 U.S.C. § 702 must also satisfy the requirements of § 704). Accordingly, although more properly characterized as a matter of standing, there is no doubt that the final agency action requirement applies to Plaintiff's APA claims. *See Colorado Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1173 (10th Cir. 2000) (referring to the final agency action rule in § 704 as a "statutory standing" requirement); *Donelson v. United States Through Dep't of the Interior*, 730 F. App'x 597, 602 (10th Cir. 2018) (same).

the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'"  *U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 597 (2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).  Plaintiff has "the burden of identifying specific federal conduct and explaining how it is 'final agency action' within the meaning of [the APA]."  Plaintiff has "the burden of demonstrating that the agency action challenged . . . is final."  *Colorado Farm Bureau Fed'n*, 220 F.3d at 1173; *see also Cherry v. U.S. Dep't of Agr.*, 13 F. App'x 886, 890 (10th Cir. 2001) ("Plaintiff has the burden of identifying specific conduct and explaining how it is 'final agency action.'").

The Court agrees with the USDA that Plaintiff has not alleged final agency action by the USDA.  *See generally* Am. Compl. [Doc. No. 7].  Although he does not reference final agency action in the Amended Complaint, Plaintiff now contends placement of his name on the National Disqualified List constituted final agency action.  Resp. [Doc. No. 31] at 11.  He points only to his allegation that he "was placed on the National Disqualified List without any due process [i]n his individual capacity due to concerted actions of Weber, Redell, and USDA."  *See id.*; *see also* Am. Compl. [Doc. No. 7] ¶ 47.  But this allegation is conclusory—Plaintiff pleads no facts regarding the role of the USDA itself (or any employee thereof) in placing his name on the National Disqualified List.  *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific

9

legal right the plaintiff believes the defendant violated."); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (noting that in cases alleging claims against multiple government actors "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*" (emphasis in original)).

Moreover, Plaintiff's factual allegations regarding placement of his name on the List specifically refer to actions of the individual state employees—not the USDA. *See, e.g., id.* ¶ 49 ("Plaintiff was placed on the National Disqualified List due to events that allegedly occurred in connection with [the daycare] under the direction [and] supervision of Redell and Weber."); *see also id.* ¶¶ 86-87 (alleging Defendants Weber and Redell "refus[ed] to take the proper actions to ensure that [Plaintiff]'s name and his business name [were] removed from [the] National Disqualified List. . ."); *id.* ¶ 125 (asserting the "successors" to Defendants Weber and Redell "would be responsible for compliance" with injunctive relief ordered by the Court). More broadly, Plaintiff's complaint centers on actions taken (or not taken) by OSDE-CACFP that resulted in termination of its contract with his daycare facility, rather than action by the USDA in particular.[7] *See generally id.*

---

[7] Although not argued in his response and insufficient to meet his burden, Plaintiff also alleges inaction by the USDA: for example, he alleges the USDA knew the OSDE-CACFP was acting without promulgated rules, but it failed or refused to act. *See* Am. Compl. [Doc. No. 7] ¶¶ 40-48. He also alleges he filed a formal complaint with the USDA, and it "failed to act on the information." *Id.* ¶ 88. But those allegations are insufficient because agency inaction is only subject to judicial review under the APA "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required* to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 874 (10th Cir. 2019) (discussing the "'limits the APA places upon judicial review of agency inaction.'" (quoting *Norton*, 542 U.S. at 61). Plaintiff makes no argument regarding these issues in his Response, nor does his Amended Complaint identify any "discrete agency action" he contends the USDA was required to take.

In sum, Plaintiff has not pleaded facts sufficient to show final agency action by the USDA, rather than the individual state employees.[8]  Accordingly, Plaintiff has not met his burden to show any final agency action by the USDA, which warrants dismissal of his APA claims against it.  *See Colorado Farm Bureau Fed'n*, 220 F.3d at 1173-74 (affirming dismissal of claims against the United States Forestry Service for failure to allege final agency action); *Donelson*, 730 F. App'x at 603 (affirming dismissal because "plaintiffs have failed to specify with any degree of clarity which agency actions they are seeking to challenge."); *Utah Native Plant Soc'y v. United States Forest Serv.*, No. 2:16-CV-56-PMW, 2017 WL 822098, at *8 (D. Utah Mar. 2, 2017), *aff'd as modified*, 923 F.3d 860 (10th Cir. 2019) (finding the plaintiffs "fail[ed] to allege an agency action, let alone a reviewable final agency action" because their allegations solely involved actions by the state).

## C.    Freedom of Information Act Claim

Plaintiff also asserts a claim under the Freedom of Information Act (FOIA), 5 U.S.C. 552.  Am. Compl. [Doc. No. 7] ¶¶ 82-85.  As the USDA points out, "[t]o state a claim under FOIA, a plaintiff must plead factual content that allows the Court to draw the reasonable inference that the defendant improperly withheld agency records."  *Bothwell v. United States Dep't of Just.*, No. CIV-19-00500-JD, 2023 WL 3973621, at *7 (W.D. Okla.

---

[8] Although only in support of arguments regarding a FTCA claim, Plaintiff's Response points to assertions elsewhere in the record regarding one or more USDA employees.  *See* Resp. [Doc. No. 31] at 14.  But none of this information is contained in the Amended Complaint, which is the subject of the Motion to Dismiss before the Court, *see* n. 4, supra, and Plaintiff did not request leave to file another amended complaint.  *See Garrett*, 425 F.3d at 840 ("pro se parties [must] follow the same rules of procedure that govern other litigants.").

June 13, 2023); *see also U.S. Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 142 (1989) (federal jurisdiction under FOIA "is dependent on a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.'" (quoting *Kissinger v. Reporters Committee for Freedom of Press*, 445 U.S. 136, 150 (1980)). An agency "improperly" withholds records when those records do not fall within one of the exemptions under 5 U.S.C. § 552(b). *Id.* at 151. A requesting party may also claim improper withholding "by alleging the agency has responded in an inadequate manner." *Id.* at 151 n.12.

Plaintiff does not respond to the USDA's argument regarding his FOIA claim. *See generally* Resp. [Doc. No. 31]. As the USDA points out, Plaintiff's Amended Complaint includes no allegations that he made a FOIA request in the first place, nor does he offer any factual allegations or legal argument upon which the Court may conclude the USDA improperly withheld agency records. *See id.*; *see also* Am. Compl. [Doc. No. 7].[9] Accordingly, Plaintiff's FOIA claim must be dismissed.

## IV. Conclusion

IT IS THEREFORE ORDERED that the USDA's Motion to Dismiss [Doc. No. 29] is GRANTED.[10] Plaintiff's claims against the USDA are DISMISSED WITHOUT PREJUDICE.

---

[9] At best, Plaintiff contends all "Defendants" have failed to make their agency rules available to him, without specifying anything the USDA did. Am. Compl. [Doc. No. 7] ¶¶ 82-85. But the USDA's Rules for the CACFP are publicly available, *see* 7 C.F.R. § 226.1 et seq., and Plaintiff does not contend he requested or was unable to access any USDA rules. To the extent Plaintiff seeks rules from the OSDE-CACFP, he has not explained how those are properly the subject of a FOIA request directed to the USDA.

[10] Because the Court has found dismissal is warranted as to all claims asserted against the USDA, it need not address the parties' arguments regarding claim preclusion.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction [Doc. No. 41] and his Motion to Expedite Ruling on Motion for Preliminary Injunction [Doc. No. 44] are DENIED as MOOT.

IT IS SO ORDERED this 21st day of November, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE